UNITED STATES DISTRICT COURT
for the
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LISA KOHLHAGEN, *Plaintiff* | ) | |
| v. | ) | Civil Action No. 25-1152 (MN) (LDH) |
| LENAPE PROPERTIES, *et al.*, *Defendants* | ) | |

**MEMORANDUM IN SUPPORT OF THE SUPPLEMENTAL MOTION OF DEFENDANTS LENAPE PROPERTIES AND LIBORIO WATERGATE LLC TO ENFORCE THE SETTLEMENT AGREEMENT AND DISMISS PLAINTIFF'S COMPLAINT**

Defendants Lenape Properties (a Delaware corporation which is more properly identified as Lenape Properties Management, Inc. and is hereinafter referred to as Lenape) and Liborio Watergate LLC (hereinafter referred to as Liborio) filed the Motion to Dismiss which is currently before this Court. For the purpose of brevity, the Moving Defendants will hereinafter be referred to as Lenape, and please note that Lenape filed a previous Motion to Dismiss which primarily addresses Plaintiff's failure to join all relevant parties in this action and Plaintiff's practice of splitting her similar claims into actions in both state and federal court.

For clarity, the Court should be aware that Liborio is the developer of Mearfield subdivision but is not the builder of the home where Mrs. Kohlhagen resides. Plaintiff purchased her home from the builder of that project, NVR, Inc., a/k/a Ryan Homes. Liborio only subdivided the land and constructed the streets and utilities. Thereafter, Lenape is the operating entity for various entities, including Liborio and, at times, as needed, for homeowners entities.

This memorandum addresses this Court's direction that Lenape confirms that there is no written release signed by the parties and explain why a release is not necessary with regard to the settlement agreement between the Plaintiff and Lenape. This Court's questions regarding this settlement agreement and that this settlement agreement did not require a written release were addressed directly by Commissioner Donald R. Bucklin in his January 16, 2026 findings of fact and recommendations to the Court of Common Pleas for the State of Delaware in *Lisa Kohlhagen v. Tracy Sparks* (Del. Com. Pleas Civil Action #CPU-25-001663).[1] A

---

[1] Tracy Sparks is an employee of Lenape, and as part of her employment, she is the contact person with regard to the relevant homeowners association, Mearfield Homeowners Association, Inc. She personally was a Defendant in the above-cited Common Pleas case, but she is also referred to in the Complaint in this action as follows:

> - Tracy's Conduct: Tracy, a Lenape/Mearfield employee, was working on HOA business during normal business hours. Because she acted within the scope of her employment, Lenape Properties and the HOA are responsible for her actions and failure to address accessibility obligations

true and correct copy of the findings and recommendations is attached as Exhibit A to this memorandum.

Lenape adopts and incorporates by reference Commissioner Bucklin's findings and recommendations in Exhibit A. While the findings and recommendations are official acts of the Commissioner and of the Court of Common Pleas, they are not a final order[2] and cannot be considered as *res judicata*, and they are not binding on this Court.

The settlement agreement between the Plaintiff and Lenape is contained in the Plaintiff's 10:27 a.m. October 3, 2025 e-mail, which e-mail is reproduced as Exhibit I to the Supplemental Motion to Dismiss and in the 11:18 a.m., October 3, 2025 e-mail from counsel for Lenape, which e-mail is reproduced as Exhibit II to the Supplemental Motion to Dismiss.

The above cited settlement agreement between the parties does not require a written release. An agreement to settle a civil action is a contract. For it to be effective, it requires the basic elements of a contact, namely offer, acceptance and consideration. This court addressed the elements of an enforceable settlement agreement not all that long ago. In the June 20, 2025 Opinion and Order in *Luxer*

[2] Please also be advised that Mrs. Kohlhagen has objected to the findings and recommendations, which makes them subject to a judge's *de novo* review at the Court of Common Pleas.

*Corporation v. Parcel Pending, Inc.*, (D. Del. 2025, 1:24-cv-00604 (JCG)), this Court noted:

> Settlement is a judicially favored manner for resolving disputes and an agreement to settle, voluntarily entered into between the parties to a dispute, is binding on those parties, even if not reduced to writing. Read v. Baker, 438 F. Supp. 732, 735 (D. Del. 1977). (Opinion and Order, pp. 5-6)

and

> …[T]he Court must determine whether the settlement agreement is a valid contract. [Liberate Techs., LLC v. Worldgate Commc'ns, Inc., 133 F. Supp. 2d 357, 358 (D. Del. 2001).] "Under Delaware law[,] a contract comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound by their agreement on all essential terms." Continental Warranty, Inc. v. Warner, 108 F. Supp. 3d 250, 253 (D. Del. 2015) (quoting Rohm and Haas Elec. Materials, LLC v. Honeywell Int'l, Inc., 2009 WL 1033651, at *5 (D. Del. 2009) (alteration in original)). A settlement agreement is enforceable if it addresses all essential terms, even if some details remain open for negotiation. Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc., 589 F. Supp. 2d 457, 462–63 (D. Del. 2008) (citing Loppert v. WindsorTech, Inc., 865 A.2d 1282 (Del. Ct. Chancery 2004)). What constitutes an "essential term" differs from case to case and is dependent on what the parties to the dispute consider important. Id. (Opinion and Order, p.6)

The Plaintiff's settlement demand in Exhibit I is the Plaintiff's offer. During the November 18, 2025 hearing in the Court of Common Pleas case, the Plaintiff testified that the settlement agreement offered in Exhibit I did not deal with the Court of Common Pleas action, but instead dealt with this action in the District of Delaware case. Commissioner Bucklin states:

> The Plaintiff's hubris was further evident when she claimed in Court that she did not understand she was communicating the offer to Defendant's counsel despite filing Proof of Service on August 8, 2025 and October 21, 2025 certifying a copy of her submission was provided to counsel at the email address involved in this exchange. Also, Ramunno & Ramunno, PA's client in the Federal Court case had yet to be served to initiate those proceedings. It would make no sense to threaten depositions in a case that has yet to begin. Finally, Plaintiff stated during the hearing she did not know that Mr. Ramunno represented Lenape in the Federal Case. It is clear the Plai[nt]iff knew with whom she was corresponding, and exactly what she was requesting, and her argument otherwise is ridiculous. (Exhibit A, p. 8, typographic/spelling correction added)

In Plaintiff's offer, she cites three "bullet points" for Lenape's performance of the settlement agreement:

> Resolution requires:
>
> - Acknowledgement of wrongdoing by Lenape representatives and a written apology.
> - Commitments that future HOA actions will not discriminate or retaliate.
> - Corrective measures for pool and clubhouse access, which were open to outsiders without accessibility compliance until recently.

Lenape accepted Plaintiff's offer to settle the action. Exhibit II documents Lenape's acceptance of Plaintiff's offer. By way of that acceptance, Lenape promised to perform the "bullet points" demanded by the Plaintiff. The mutual promises of the Plaintiff (to resolve the action) and Lenape (to perform the "bullet

points") on their own constitute adequate consideration to make the contract enforceable.[3]

Lenape have also substantially performed their obligations under the settlement agreement. In order to resolve Plaintiff's claims, Lenape is having a lift placed at the pool, since the homeowners association does not have the funds to do so.[4]

Consequently, Exhibit I and Exhibit II establish a binding contract between the Plaintiff and Lenape, and that contract should be enforced. Now that Lenape have substantially performed their obligations under the terms of this settlement agreement, it would be improper and unfair and against public policy as cited in *Luxer*, above, to allow the Plaintiff to rescind her agreement.

This Court addressed written releases in the February 22, 2017 Memorandum Opinion and Order in *Keisha Simmonds v. United States of America* (D. Del. 2017, 16-0365 (SLR)), and in that decision, this Court noted that a written

---

[3] Presently, Plaintiff has offered to settle the claims against Lenape, Liborio and Tracy for $2,000,000. See the e-mails/excerpts of May 7, 2026 and May 8, 2026 attached hereto as Exhibit B.

[4] Lenape also reinstalled the curb and sidewalk in front of Plaintiff's residence because she complained the handicap recessed curb still created a problem for her wheelchair. Lenape believes that all of her complaints regarding the project have been or are being addressed.

release is required only if the terms of the settlement agreement explicitly make settlement contingent on the execution of a written release.[5]

Commissioner Bucklin at the Court of Common Pleas addressed contingent writings by citing the Delaware Supreme Court and the Chancery Court of the State of Delaware:

> "The parties' understanding that the 'contract should be formally drawn up and put in writing [does] not leave the contract incomplete without binding force,' unless there is a *positive agreement* that it should not be binding until so reduced to writing and formally executed." *Shilling*. at 466, *Universal Prods. Co. v. Emmerson*, 179 A. 387, 394 (Del. 1935) (emphasis added). See also, *Grunstein v. Silva* 2014 WL 4473641, at *18 (Del. Ch. September 5, 2014) (finding that the parties' mention of executing a written agreement was not 'an unequivocal statement that a written executed contract was a condition precedent to an agreement"), aff'd 113 A.2d 1080 (Del. 2015) (TABLE). (Exhibit A, p. 10, citing *Shilling v. Shilling*, 332 A.2d 453 (Del. 2024))

---

[5] "8. Plaintiff argues that the parties had not come to an agreement during the November 7 conference because a signed release was required before the settlement was enforceable. (D.I. 13, affidavit ¶ 9) Under Delaware law, a contract is not enforceable if the parties agreed that it was contingent on drafting and signing a written document. Anchor Motor Freight v. Ciabattoni, 716 A.2d 154, 156 (Del. 1998). Here, there is no indication that the parties agreed that the settlement was contingent on a written document being signed by the parties. Plaintiff contends that the settlement was contingent on her signing the agreement, yet she does not offer any evidence to support this. (D.I. 13 at 3) Even if plaintiff did believe that the agreement was contingent on her signing the release, it would be a mistaken assumption because the parties had not agreed to such a contingency. Therefore, the court concludes that the settlement agreement was not contingent on a written document being signed by the parties, and the parties' agreement at the November 7 settlement conference is binding." (*Keisha Simmonds* Memorandum Opinion and Order, p. 4)

There is no such condition or contingency in Plaintiff's offer in Exhibit I. A written release is not one of the "bullet points" in Plaintiff's offer, and Plaintiff's offer does not cite any other contingency.

Plaintiff is acting *pro se* in this case. As an accommodation to the Plaintiff, counsel for Lenape offered to provide "an appropriate release etc" to document Moving Defendant's performance, but as stated, it is Lenape's position that a release is not necessary for the parties' agreement to be binding.

The settlement agreement is documented in Exhibit I and II. The settlement agreement is enforceable. It should be given effect. The action has been settled, and Lenape will shortly have fully performed their obligations under the settlement agreement. The action should be dismissed.

Date: May 22, 2026

1,862 words, exclusive of caption and signature

**RAMUNNO & RAMUNNO, P.A.**
*/s/ L. Vincent Ramunno*
L. VINCENT RAMUNNO
Delaware Bar ID #594
903 N. French Street
Wilmington, DE 19801
LeeRamunno@AOL.com
(302) 656-9400 | (302) 426-9379 : Fax
Attorney for Defendants
Lenape Properties Management, Inc. and
Liborio Watergate, LLC