IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LISA KOHLHAGEN,                          )
                                         )
                Plaintiff,               )
                                         )        C.A. No. 25-1152-MN-LDH
        v.                               )
                                         )        FILED
LENAPE PROPERTIES, et al.,               )
                                         )        JUL 28 2026
                Defendants.              )

U.S. DISTRICT COURT DISTRICT OF DELAWARE

ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Lisa Kohlhagen initiated this action against Defendants Lenape Properties Management, Inc. ("Lenape Properties"),[1] Liborio Watergate LLC, as well as the City of Seaford,[2] Mike Bailey, Matt Macoy, Charles Anderson, (together with the City of Seaford, Mr. Bailey, and Mr. Macoy, the "State Defendants") asserting claims of "discrimination, retaliation, and denial of rights" in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. (*See generally* D.I. 1). Pending before the Court are twenty pending motions which I address as follows:

1.       I recommend **DENYING** Plaintiff's Motion for Preliminary Injunction (D.I. 3). Because a preliminary injunction is an "extraordinary and drastic remedy," the movant bears the burden of making "a clear showing" of his or her entitlement to relief. *Del. State Sportsmen's Assoc., Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 198 (3d Cir. 2024) (citations omitted); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (internal citation omitted) ("[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). To obtain relief, the moving party must show:

---

[1]    *See* D.I. 59 at 1 n.1 ("The proper name of this Defendant is Lenape Properties Management, Inc.").

[2]    *See infra* at ¶ 6 (citing D.I. 48, D.I. 53).

1

(1) a likelihood of success on the merits; (2) they will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief. *Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004) (citation omitted). Plaintiff has not made the requisite "clear showing." Plaintiff requests "that this Court order closure of community amenities to non-residents and transient guests until resolution." (D.I. 3). She neither explains how this request ties to the merits of her claims nor explains how she will be irreparably harmed but for obtaining injunctive relief. Accordingly, I recommend denying her Motion for Preliminary Injunction.

2.    I **DENY** Plaintiff's Motion for Remote Proceedings (D.I. 4) with leave to renew in the future in connection with a specific appearance date. Plaintiff "requests remote access for hearings, conferences, and trial under Fed. R. Civ. P. 43(a)" because she is "a person with disabilities who uses a wheelchair," "[t]ravel to court imposes significant hardship," "[r]emote participation is a reasonable accommodation under the ADA and FHA," and such accommodation "will not prejudice any party." (*Id.*). No defendant has opposed this motion. While I deny Plaintiff's instant request for a blanket order making this case wholly remote, Plaintiff may file a motion requesting to appear remotely for a specific hearing or conference scheduled in this case if necessary and appropriate.

3.    I **DENY WITHOUT PREJUDICE TO RENEW** Plaintiff's Motion to Permit Electronic Filing. (D.I. 23). Plaintiff is advised that, per the CM/ECF Registration/Training section of the Court's website, in order to receive authorization to file electronically, a *pro se* party must indicate in their motion that they have independently reviewed all of the materials and related topics on the Court's website and that they have a PACER account.

4.    I **GRANT**[3] Plaintiff's Motion to Amend the Complaint. (D.I. 31). Under Rule

---

[3]    *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016) (treating motions seeking leave to amend as non-dispositive).

15(a)(2), the court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). I consider Plaintiff's Motion to be unopposed because State Defendants stated they "take no position" on Plaintiff's Motion. (D.I. 40). Defendants Lenape Properties and Liborio Watergate LLC did not respond, waiving or forfeiting any opposition thereto. *See DLJ Mortg. Cap., Inc. v. Stevens*, 167 F.4th 632, 635 (3d Cir. 2026) (explaining how underdeveloped arguments can be deemed forfeited and/or waived); *McClain v. Pennsylvania Dep't of Corr.*, C.A. No. 19-1951, 2023 WL 8165529, at \*1 (M.D. Pa. Mar. 28, 2023) ("Given the failure to file an opposition to this motion for leave to amend, the motions will be deemed unopposed and will be granted").

5.      Having deemed Plaintiff's Motion unopposed, recognizing that Plaintiff attempted to comply with District of Delaware Local Rule 15.1 (*see generally* D.I. 31; D.I. 31-1 to D.I. 31-7) and noting that *pro se* filings are construed "liberally" and that "[c]ourts tend to be flexible when applying procedural rules to pro se litigants," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), I **FURTHER ORDER** Plaintiff to file a "proposed pleading as amended, complete with a handwritten or electronic signature and any exhibits or attachments" and "[a] form of the amended pleading which shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added" within twenty-one (21) days of the date on which this Order and Report and Recommendation is docketed. D. Del. LR 15.1. Plaintiff's proposed Amended Complaint shall comply with the representations Plaintiff makes in her Motion to Amend—specifically, that her proposed Amended Complaint "adds Mearfield Homeowners Association as a defendant" and that "[a]ll claims and causes of action otherwise remain unchanged." (D.I. 31). To the extent Plaintiff adds any other new parties, claims, or causes of actions that deviate from Plaintiff's prior representations, such

3

amendments are not authorized under this Order and Report and Recommendation. *See Liqwd, Inc. v. L'Oreal USA, Inc.*, C.A. No. 17-14-JFB-SRF, 2018 WL 11189617, at *5 (D. Del. Dec. 17, 2018), *report and recommendation adopted*, D.I. 680 (D. Del. Mar. 11, 2019) ("Altering a proposed amended pleading after the court has given its approval undercuts the objective of the Rules to permit amendment only after obtaining court approval.").

6.      I **GRANT** Plaintiff's Motion to Correct Municipal Defendant's Name (D.I. 48), which State Defendants do not oppose (D.I. 53).  Defendants Lenape Properties and Liborio Watergate LLC did not respond to Plaintiff's motion, waiving or forfeiting any opposition thereto. *See DLJ Mortg.*, 167 F.4th 632 at 635; *McClain* 2023 WL 8165529, at *1. Any Amended Complaint filed consistent with Paragraphs 4 and 5 of this Order and Report and Recommendation shall identify "City of Seaford" to the extent Plaintiff maintains her claims against the City of Seaford.

7.      Having granted Plaintiff leave to file an Amended Complaint, I **DENY WITHOUT PREJUDICE TO RENEW** State Defendants' Motion to Dismiss for Failure to State a Claim (D.I. 29), Defendants Lenape Properties and Liborio Watergate LLC's Motion Dismiss Plaintiff's Complaint (D.I. 19), the Supplemental Motion of Defendants Lenape Properties and Libero Watergate LLC to Enforce the Settlement Agreement and Dismiss Plaintiff's Complaint (D.I. 59), and Plaintiff's Motion to Clarify that no Enforceable Settlement Agreement Exists (D.I. 60).  *See Pelham v. VBit Techs. Corp.*, C.A. No. 23-162-JLH-SRF, 2024 WL 3552579, at *2 (D. Del. July 26, 2024), *report and recommendation adopted*, C.A. No. 23-162-JLH-SRF, 2024 WL 3785636 (D. Del. Aug. 13, 2024) (denying without prejudice motions to dismiss after granting leave to amend and directing defendants to direct any renewed motion to the operative pleading).

8.      Having mooted State Defendants' Motion to Dismiss for Failure to State a Claim (D.I. 29) due to granting Plaintiff leave to file an Amended Complaint, I **DENY AS MOOT**

4

Plaintiff's Motion to Strike State Defendants' Motion to Dismiss for Failure to State a Claim (D.I. 45) and the portion of Plaintiff's "Motion to Strike Untimely Motion to Dismiss (D.I. 29) and for Entry of Default, or in the Alternative, other Appropriate Relief (D.I. 32)" that seeks to strike D.I. 29.

9.      Having granted Plaintiff leave to file an Amended Complaint, I **DENY AS MOOT** Plaintiff's "Motion to Enforce Service and for Default/Sanctions" (D.I. 24), Plaintiff's Motion for Default Judgment as to Mearfield Homeowners Association c/o Lenape Properties (D.I. 30), the portion of Plaintiff's "Motion to Strike Untimely Motion to Dismiss (D.I. 29) and for Entry of Default, or in the Alternative, other Appropriate Relief" that seeks entry of default (D.I. 32), Plaintiff's Motion for Default Judgment as to Charles Anderson, Mike Bailey, Matt Macoy, Town of Seaford (D.I. 33), the portion of Plaintiff's "Motion of Confirmation of Liability, Entry of Default and Recognition of Waiver of Defenses" that seeks entry of default (D.I. 55), and Plaintiff's Request for Clerk's Entry of Default (D.I. 56). *See Trueposition, Inc. v. LM Ericsson Tel. Co.*, C.A. No. 11-4574, 2012 WL 12903811, at *1 (E.D. Pa. June 29, 2012) (collecting cases stating that an amended complaint moots requests for entry of default and default judgment).

10.      I **DENY** "Plaintiff's Motion to Determine Compliance with D. Del Local Rule 5.1, to Strike Any Improperly Filed Entry of Appearance and Motion to Dismiss, to Determine the Timeliness of Defendants' Responsive Pleading, and for Appropriate Relief." (D.I. 69). To the extent Plaintiff seeks to "strike[] [certain of Defendants'] challenged filings," she does not identify which of those filings she challenges and on which grounds. To the extent she seeks to strike filings pertaining to motions resolved by this Order and Report and Recommendation, I **DENY** those requests as mooted by this Order and Report and Recommendation. To the extent her motion seeks to renew her request for e-filing, I **DENY WITHOUT PREJUDICE TO RENEW** her request consistent with Paragraph 3 of this Order and Report and Recommendation. To the extent

5

Plaintiff seeks entry of default under Rule 55(a), I **DENY** her request consistent with Paragraph 9 of this Order and Report and Recommendation.

11.     To the extent Plaintiff seeks a ruling on her "Rule 7.1. Certification and Motion of Compliance" (D.I. 25), I **DENY** her motion because she is not a nongovernmental corporate party and jurisdiction in this case is not based upon diversity. *See* Fed. R. Civ. P. 7.1.

12.     I **DENY** the portion of Plaintiff's "Motion of Confirmation of Liability, Entry of Default and Recognition of Waiver of Defenses" (D.I. 55) that seeks relief under 42 U.S.C. § 1983 because neither Plaintiff's Complaint nor proposed Amended Complaint assert claims under § 1983. (D.I. 1, "This is a civil action for discrimination, retaliation, and denial of rights in violation of the Fair Housing Act (42 U.S.C. § 3601 et seq.) Plaintiff, a person with disabilities who uses a wheelchair, has been subjected to ongoing discrimination, exclusion, and retaliation by Defendants."; D.I. 31 ("Plaintiff Lisa Kohlhagen brings this civil action for disability discrimination, retaliation, and related claims under the Fair Housing Act. This Amended Complaint adds Mearfield Homeowners Association as a defendant . . . All claims and causes of action otherwise remain unchanged.")).

13.     I **DENY AS PREMATURE** Plaintiff's "Consolidated Motion, Evidentiary Packet, and Document Production Summary" that appears to seek, *inter alia*, a protective order "oppos[ing] Defendants' discovery demands." (D.I. 54). Case management will proceed in due course after Defendants respond to Plaintiff's Amended Complaint.

14.     To the extent Plaintiff's "Emergency Motion for Injunctive Relief, Appointment of Temporary Oversight, and Order for Transition of HOA Control to Community" (D.I. 57) seeks preliminary injunctive relief or the entry of a temporary restraining order, I recommend **DENYING** the motion because Plaintiff does not make "a clear showing" of her entitlement to relief. *Del. State Sportsmen's Assoc.*, 108 F.4th at 198; *Winter*, 555 U.S. at 22. For example, to

the extent her motion seeks a "refund" of her HOA dues, "the availability of money damages for an injury typically will preclude a finding of irreparable harm." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 n.4 (3d Cir. 2017) (citations omitted). She does not address whether her claims will succeed on their merits. *Id.* ("[A] movant for preliminary equitable relief must meet the threshold for the first two most critical factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief.") (internal quotation marks and citations omitted). To the extent Plaintiff's motion seeks the production of certain documents and is akin to a motion to compel (*see, e.g.*, D.I. 57 at 5, "Plaintiff request that the Court . . . Order production of all HOA records within 14 days), I **DENY AS PREMATURE** that portion of her motion. Case management will proceed in due course after Defendants respond to Plaintiff's Amended Complaint.

\* \* \*

This Order and Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. The parties may file objections to this Order and Report and Recommendation within fourteen (14) days after being served with a copy of the Order and Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Any objections to the Order and Report and Recommendation shall be limited to ten (10) pages. Any response shall be filed within fourteen (14) days thereafter and limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin.*

7

*Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025). Parties are directed

to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7,

2022, a copy of which is available on the Court's website, https://www.ded.uscourts.gov.


Date: July 28, 2026


_____
United States Magistrate Judge

8