**RAMUNNO & RAMUNNO, P.A.**
ATTORNEYS-AT-LAW
903 N. FRENCH STREET
WILMINGTON, DELAWARE 19801-3371

(302) 656-9400
FAX (302) 426-9379

L. VINCENT RAMUNNO
VINCENT RAMUNNO, JR.
LOUIS JOSEPH RAMUNNO

October 13, 2026

***Via ECF Filing***
The Honorable Laura D. Hatcher
United States Magistrate Judge
United States District Court for the
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 8, Room 2124
Wilmington, DE 19801-3555

**Re: *Kohlhagen v. Lenape Properties, et al.*, Civil Action No. 25-1152 (MN)(LDH)
Lenape Property Management, Inc. and Liborio Watergate, LLC Response to Plaintiff's October 12, 2026 "further developments" letter**

Your Honor:

I need to respond to Plaintiff's letter of October 12. The Plaintiff keeps re-filing and then adding to her frivolous, false and deluded claims of retaliation. The Plaintiff's four and a half page, single-spaced letter is no exception.

The Plaintiff already settled all of her pending claims involving the above Defendants with regard to the Mearfield community. The Defendants are not engaged in any kind of misconduct. The Plaintiff has a practice and history of claiming that her opponents are engaged in misconduct for simply maintaining their opposition. By way of example, I am attaching the proposed findings and recommendations from Commissioner Bucklin from the Court of Common Pleas.

The Plaintiff's claims should be dismissed, and she should dismiss them, herself, out of recognition that the claims are settled and that the harms she alleged have all been cured. It is not misconduct or retaliation to suggest to the Plaintiff that she dismiss her claims.

I am not counsel for Mearfield Homeowners Association, Inc., but I am familiar with the function and operation of homeowners associations. I know that, if an

association is sued, the association does not have any revenue other than assessments against the homeowners to get the funds to pay an attorney. It is not misconduct or retaliation to explain to the Plaintiff that her maintaining a suit against her homeowners association is going to result in the association assessing the homeowners in order to raise the funds to pay its lawyers. It is not any sort of threat. It is simply an explanation on why continuing the frivolous motions and trying to litigate resolved claims is going to hurt her and the other homeowners financially for no valid reason.

At this time, to continue her frivolous motions and false claims of retaliation, the Plaintiff is presenting to this Court two anonymous, purported Witness Statements in her Evidence Packet. Both Statements incorporate legal argument language which suggests that the text is not actually a witness's observation but is, instead, language generated by an AI in response statements to a prompt as to what a statement should look like. Both Statements list any identifying information as "redacted".

The Statement in Spanish includes that anonymous author's opinion that people mowing the lawns of the neighbors of the anonymous author at the community constitutes some sort of misconduct. The Statement is not merely frivolous, it is not even rational.

The other Statement in English presents that anonymous author's observation that unidentified "Representatives" sought out the anonymous author for the sole purpose of expressing the plan of these "Representatives" to "force" the Plaintiff to dismiss "the case". The anonymous author's unsupported allegations are simply not true.

The Plaintiff's claims were settled at the Court of Common Pleas, and the performance of the settlement agreement has cured the same alleged harms the Plaintiff related to both Courts. As agreed, Defendants have installed a handicap lift for the pool, etc. The Defendants should not be required to expend more time, effort and money addressing the Plaintiff's claims that were previously dismiss, frivolous motions and deluded claims.

One other matter that needs to be addressed is Plaintiff's improper insistence in corresponding with Louis Ramunno, who is an officer of Defendants, despite his request to the contrary. Since she is representing herself, she should be bound by the same rules as an attorney.[1]

---

[1] Plaintiff's responsibilities are addressed on page 9 of Commissioner Bucklin's findings and recommendations, which are attached hereto, where the Commissioner explains:

> "Although Delaware law affords '*pro se* litigants ... some leniency in presenting their cases ... *pro se* litigants must abide by the same rules that apply to other litigants.'" *Lidya Holdings Inc. v. Ehin*, 2022 WL 274679, at *3 (Del. Ch. Jan. 31, 2022) (quoting *Hayward v. King*, 2015 WL 6941599, at *4 (Del. 2015) (TABLE).

This Court should simply grant the Motions to Dismiss that are already before it and dismiss the Amended Complaint as to the above named Defendants.

Very truly yours,
**RAMUNNO & RAMUNNO, P.A.**

L. VINCENT RAMUNNO

LVR/pwd

enclosure

cc: Lenape Properties Management, Inc.
Liborio Watergate, LLC
Lisa Kohlhagen (via e-mail)
Wade A. Adams, III, Esquire (via e-mail)
Luciana M. Parker, Esquire (via e-mail)
Thomas Keats (via e-mail)

Words: 691